J-S63030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN F. NOLE | |
| Appellant | No. 744 EDA 2015 |

Appeal from the PCRA Order March 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0915321-1969

BEFORE: DONOHUE, J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MAY 04, 2016**

This case returns to us following remand from the Pennsylvania Supreme Court. Specifically, on February 17, 2016, our Supreme Court granted the petition for allowance of appeal filed by Appellant, John F. Nole, vacated our previous order affirming the dismissal of Appellant's petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and remanded the case to us for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). After careful review, we reverse and remand for resentencing.

On March 31, 1971, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole for first-degree murder[1]

---

[1] 18 Pa.C.S.A. § 2502(a).

and other offenses, committed by Appellant when he was 17-years-old, in the course of a robbery and murder of an 81-year-old man.[2]  Appellant's *pro se* seventh PCRA petition, which is the subject of this appeal, asserts that the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), should be retroactively applied.   Appellant's Amended PCRA Petition, 12/18/13, at 3-4.   On March 2, 2015, the PCRA court dismissed the petition.   On November 24, 2015, we affirmed the PCRA court's order.  **Commonwealth v. Nole**, --- A.3d ---, 2015 WL 7571744 (Pa. Super. 2015) (unpublished judgment order), *vacated*, 132 A.3d 975 (Pa. 2016).  Appellant filed a timely petition for allowance of appeal with our Supreme Court on December 22, 2015.  While that petition was pending, on January 25, 2016, the United States Supreme Court announced its decision in **Montgomery**, holding that **Miller**'s prohibition on mandatory life imprisonment without the possibility of parole for juvenile offenders was a new substantive rule that, under the Constitution, must be applied retroactively in cases on state collateral review.  **Montgomery**, **supra** at 732.  Accordingly, our Supreme Court vacated our prior order and remanded

---

[2] Our Supreme Court affirmed Appellant's judgment of sentence on July 11, 1972.  **Commonwealth v. Nole**, 292 A.2d 331 (Pa. 1972).  Thereafter, Appellant filed six PCRA petitions between 1972 and 2008, none of which garnered him any relief.  **See Commonwealth v. Nole**, 965 A.2d 299 (Pa. Super. 2008) (unpublished memorandum at 2-4) (affirming the PCRA court's dismissal of Appellant's sixth PCRA as untimely, and setting forth a full factual and procedural history of Appellant's PCRA claims), *appeal denied* 973 A.2d 1006 (Pa. 2009).

this case to us. Moreover, this Court, in ***Commonwealth v. Secreti***, --- A.3d ---, 2016 WL 513341 (Pa. Super. 2016), held that ***Miller*** and ***Montgomery*** afford relief to petitioners whose PCRA petitions based on ***Miller*** were on appeal when ***Montgomery*** was announced. ***Id.*** at *5.

Based on the foregoing, Appellant is entitled to PCRA relief from his unconstitutional sentence of mandatory life imprisonment without parole. ***See Montgomery***, ***supra***; ***Miller***, ***supra*** at 2464; ***Secreti***, ***supra***. Accordingly, we reverse the PCRA court's March 2, 2015 order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with ***Montgomery***, ***Miller***, and ***Commonwealth v. Batts***, 66 A.3d 286 (Pa. 2013).[3]

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Donohue did not participate in the consideration or decision of this case.

---

[3] We note that the General Assembly passed Section 1102.1 in October 2012 to address ***Miller***, which provides new mandatory minimum sentences for juveniles convicted of first-degree murder. However, Section 1102.1's text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016